# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
06/25/2019
CT Log Number 535747028

TO: Denise Flemm, Director
Sirius XM Radio Inc.
1290 Avenue of the Americas,
New York, NY 10104

RE: **Process Served in New Jersey**

FOR: Sirius XM Radio Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JEFFREY PARRELLA, ETC., PLTF. vs. SIRIUS XM HOLDINGS, INC., ETC., ET AL., DFTS. // TO: SIRIUS XM RADIO INC. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, EXHIBIT |
| **COURT/AGENCY:** | Mercer County Superior Court - Law Division, NJ
Case # MERL00120719 |
| **NATURE OF ACTION:** | Violation of the CFA as to the Class N.J.S.A 56:8-2 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/25/2019 at 14:24 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date you received this summons, not counting the date you received it |
| **ATTORNEY(S) / SENDER(S):** | Bharati O. Shanna
The Wolf Law Firm, LLC
1520 U.S. Highway 130-Suite 101
North Brunswick, NJ 08902
732-545-7900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/25/2019, Expected Purge Date: 06/30/2019

Image SOP

Email Notification,  Denise Flemm  denise.flemm@siriusxm.com

Email Notification,  Renee Kingsley  renee.kingsley@siriusxm.com

Email Notification,  Kasha Dragon  Kasha.dragon@siriusxm.com |
| **SIGNED:**
**ADDRESS:**


**TELEPHONE:** | The Corporation Trust Company
820 Bear Tavern Road
3rd Floor
West Trenton, NJ 08628
609-538-1818 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Bharati O. Sharma, Esq. – NJ Atty ID No. 018432001
The Wolf Law Firm, LLC
1520 U.S. Highway 130 – Suite 101
North Brunswick, New Jersey 08902
Tel. 732-545-7900
Fax 732-545-1030
*Attorneys for Plaintiff, Jeffrey Parrella*

| | |
|---|---|
| JEFFREY PARRELLA, on behalf of himself and all others similarly situated, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MERCER COUNTY |
| Plaintiff, | CIVIL ACTION |
| v. | Docket No. MER-L-001207-19 |
| SIRIUS XM HOLDINGS, INC. d/b/a SIRIUS XM SATELLITE RADIO; SIRIUS XM RADIO INC.; and JAMES E. MEYER. | **SUMMONS** |
| Defendants. | |

From: The State of New Jersey
To: Sirius XM Radio Inc.

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated:  June 24, 2019                    /s/*Michelle M. Smith*
                                         **Michelle M. Smith**
                                         Clerk of the Superior Court of New Jersey

*Name of defendant to be served*:        Sirius XM Radio Inc.

*Address for service*:                   **Registered Agent**

                                         The Corporation trust company

                                         820 Bear Tavern Road

                                         West Trenton, NJ 08628

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Room 115 Justice Center,
10 Main Street
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044 LEGAL
SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Courts Facility 49
Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice, 1st Floor, Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

ESSEX COUNTY:
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(973) 624-4500

Revised 09/01/2010, CN 10792-English (Appendix XII-A)

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake First Floor
Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Civil Records Department
Brennan Court House -- 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street
P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage 2nd Floor -Tower
56 Paterson Street
P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

Revised 09/01/2010, CN 10792-English (Appendix XII-A)

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Revised *09/01/2010*, CN 10792-English (Appendix XII-A)

Bharati O. Sharma, Esq. – NJ Atty ID No. 018432001
The Wolf Law Firm, LLC
1520 U.S. Highway 130 – Suite 101
North Brunswick, New Jersey 08902
Tel. 732-545-7900
Fax 732-545-1030
*Attorneys for Plaintiff, Jeffrey Parrella*

---

JEFFREY PARRELLA, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

SIRIUS XM HOLDINGS, INC. d/b/a SIRIUS
XM SATELLITE RADIO; SIRIUS XM RADIO
INC.; and JAMES E. MEYER,

Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION – MERCER COUNTY

CIVIL ACTION

Docket No. ____-L-_____-19

**CLASS ACTION COMPLAINT AND
JURY DEMAND**

---

## NATURE OF THE ACTION

1.     Plaintiff Jeffrey Parrella, on behalf of himself and those similarly situated, brings this action for damages and other relief arising from the Defendants, Sirius XM Holdings, Inc. d/b/a Sirius XM Satellite Radio, Sirius XM Radio Inc. and James E. Meyer's violations of the New Jersey Consumer Fraud Act (the "CFA"), N.J.S.A 56:8-2 *et seq.*, the General Advertising Regulations, N.J.A.C. 13:45A-9.1 *et seq.*, and the Truth-in-Consumer Contract, Warranty and Notice Act (the "TCCWNA"), N.J.S.A. 56:12-14 *et seq.*, related to an unlawful bait-and-switch advertising scheme employed by Defendants to sell their "Select service" radio package to Plaintiff and those similarly situated under far less advantageous terms, including a higher price and shorter length, than advertised.

## VENUE

2.     Venue in this action properly lies in Mercer County, New Jersey as Defendant's Registered Agent is located there and Defendants regularly conduct business there.

## PARTIES

3.      Plaintiff Jeffrey Parrella resides in Kinnelon, New Jersey.

4.      Defendant Sirius XM Radio Inc.   (hereafter "Sirius XM") is a Delaware for-profit corporation, with its principal executive offices located at 1221 Avenue of the Americas, 37th Floor, New York, New York 10020.

5.      Sirius XM's registered agent in New Jersey is The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628.

6.      Sirius XM, is a wholly-owned subsidiary of Sirius XM Holdings Inc.

7.      Defendant Sirius XM Holdings Inc. d/b/a Sirius XM Satellite Radio (hereafter "Sirius XM Holdings") is the world's largest audio entertainment company, and the premier programmer and platform for subscription-and advertising-supported audio products.  Sirius XM Holdings is a Delaware for-profit corporation, with its principal place of business located at 1290 Avenue of the Americas, 11th floor, New York, New York.

8.      Defendant James E. Meyer has been the Chief Executive Officer of Sirius XM Holdings since December 18, 2012.

## ALLEGATIONS OF FACT

9.      Sirius XM transmits music, sports, entertainment, comedy, talk, news, traffic and weather channels, as well as infotainment services, in the United States on a subscription fee basis.

10.     Sirius XM's primary source of revenue is subscription fees.

11.     Sirius XM sells subscriptions, among other ways, through connected vehicle services.

12.     As of December 31, 2017, Sirius XM had approximately 32.7 million subscribers.

13.     Sirius XM's subscribers include, among others, subscribers under its regular and discounted pricing plans.

14.     Most of Sirius XM's customers subscribe to annual, semi-annual, quarterly or monthly plans.

15.     Sirius XM offers discounts for prepaid longer-term subscription plans.

16.     Sirius XM has agreements with every major automaker to offer satellite radios in their vehicles, through which it acquires the majority of its subscribers," whose initial subscription costs are bundled into the sale or lease price of a vehicle.

17.     Plaintiff was a previous customer of Sirius XM, however, he deactivated his service with Sirius XM.

18.     In or around December 2017, Defendants mailed Plaintiff an advertisement from Sirius XM offering to reactivate his Sirius XM service on the deactivated account. *See advertisement attached as Exhibit A.*

19.     Defendants offered to sell Plaintiff its "Select service" package at a cost of only $99.00, which would "lock in" three years of "uninterrupted Sirius XM Select service." *See Exhibit A.*

20.     As the offer indicates, this would work out to a monthly cost to Plaintiff of $2.75 until 2020, or 82% off of the current monthly rate of $15.99 for this SiriusXM subscription. *See Exhibit A.*

21.     The offer also allowed Plaintiff to cancel at any time and SiriusXM would waive the reactivation fee of $15.00. *See Exhibit A.*

22.     Included in the advertisement was a letter to Plaintiff signed by Sirius XM Holdings CEO, James E. Meyer. *See id.*

23.     In his letter, Mr. Meyer communicated the terms of the offer and encouraged Plaintiff to accept what the advertisement said was SiriusXM's "**BIGGEST, BEST OFFER EVER**." *See id.* (emphasis in original).

24.     Plaintiff acted to accept SiriusXM's attractive offer.

25.     To accept this offer, the advertisement instructed Plaintiff to either "**go to siriusxm.com/bestoffer101 or call 1.888.244.0396** by December 31, 2017." *See id.* (emphasis in original).

26.     Prior to December 31, 2017, Plaintiff went online to siriusxm.com/bestoffer101 to accept this offer.

27.     However, when Plaintiff entered his Radio ID or Account number supplied in the advertisement, a less-attractive and more-expensive offer for the "Select service" was the only offer that appeared on the screen.

28.     Plaintiff made multiple unsuccessful attempts online to accept Defendants' advertised offer.

29.     However, the advertised offer he received in the mail was not being offered to him through Sirius XM's website.

30.     Since -- contrary to Sirius XM's representations in the advertisement -- the offer for the "Select service" that Sirius XM made through the advertisement was not available for him to accept online, Plaintiff called Sirius XM, as instructed, at 1.888.244.0396 and was connected with a SiriusXM customer service representative ("CSR").

31.     The CSR asked Plaintiff for the Radio ID on the offer he was mailed, which Plaintiff provided.

32.     The CSR told Plaintiff that Sirius XM's computer system was not showing any options for that number that he provided.

33.     Plaintiff read the letter to the CSR describing the three years for $99 offer as an option.

34.     The CSR said she would check with a supervisor as they do not usually have the offer of

$99 for three years available.

35.   Plaintiff reminded the Sirius XM CSR that Sirius XM had mailed the offer to him, and the CSR stated that she wanted to give Plaintiff the offer he received in the mail.

36.   After putting Plaintiff on hold and consulting a supervisor, the CSR reiterated to Plaintiff that she wanted to give Plaintiff the $99 offer he received in the mail, but that the "system" would not allow her to do this.

37.   Instead of the 3-year plan for $33.00 per year for the "Select service", the CSR advised Plaintiff that she could sell him the "Select service" one-year plan for $60.00.

38.   Plaintiff requested that the CSR escalate his call to a higher department, which she indicated she would do.

39.   The CSR then repeated the offer for one year of Sirius XM service for $60.00.

40.   Plaintiff decided to activate his Sirius XM service through the "limited offer" of one year for $60.00, however, he made clear that he still wanted the matter corrected and for Sirius XM to honor the offer that he received in the mail.

41.   The CSR again confirmed that she was going escalate his issue.

42.   The CSR then went over the terms of the one-year offer for $60.00, asking Plaintiff to hold any questions until after she read to him the terms of the offer.

43.   After reading the terms, the CSR asked Plaintiff if he accepted these terms.

44.   Plaintiff stated that he accepted the terms subject to his call being escalated within SiriusXM and Sirius XM ultimately honoring the offer Plaintiff received in the mail for three years of Select service at $99.00.

45.   Sirius XM charged Plaintiff (via credit card) $60.00 for the "Select service" package for one year, as well as a "U.S. Music Royalty Fee" of $8.34 and $4.53 for New Jersey sales tax.

46.     The total cost for Plaintiff to receive one year of Sirius XM's "Select" service (excluding taxes) was $68.34.

47.     Had Sirius XM honored the offer that prompted Plaintiff to call and reactivate, he would have paid only $33.00 per year (pre-tax), and that rate would have been "lock[ed] in" for "three years of savings."

48.     However, because Sirius did not honor the deal advertised, Plaintiff ended up paying $60.00 (pre-tax) for one year of service – an 82% increase in the $33.00 yearly rate SiriusXM offered in the advertisement.

49.     The above-described conduct by Defendants in their transactions with Plaintiff are the same and/or substantially similar to the course of conduct engaged in by Defendants in their transactions with numerous other consumers in New Jersey who are similarly situated to Plaintiff.

## CLASS ACTION ALLEGATIONS

50.     This action is brought and may properly proceed as a class action pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules.

51.     Plaintiff seeks certification of a Class, initially defined as:

> All New Jersey consumers to whom Sirius XM offered a "Select service" package the same as or similar to the "Select service" package offered to Plaintiff at any time on or after the day six years prior to the date this Complaint was filed, who timely responded to the offer and subsequently purchased a more expensive service package.

52.     The members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

53.     There are questions of law and fact common to the members of the Class, including:

    a.  Whether Defendants provided advertisements/offers to putative class members that misrepresented that a particular package was available to them;

b.  Whether Defendants failed to provide an advertised/offered package to putative class members;

c.  Whether the advertisement offering three years of "Select service" for $99 violates the General Advertisement Regulations, *N.J.A.C.* 13:45A-9.2(a)(1), (2), or (9);

d.  Whether Defendants' actions, as set forth herein, were unconscionable commercial practices, deception, fraud, false pretenses, and/or misrepresentations in violation of the CFA, *N.J.S.A.* 56:8-2;

e.  Whether advertising three years of "Select service" for $99, which was not available, then selling a higher priced package for a shorter period of time violates the CFA, *N.J.S.A.* 56:8-2.2;

f.  Whether Plaintiffs and those similarly situated suffered an ascertainable loss as a result of Defendants' violation(s) of the CFA;

g.  Whether by providing consumers with standard form documents that contain violations of the General Advertising Regulations and/or the CFA as set forth above, Defendants thereby violated the TCCWNA at *N.J.S.A.* 56:12-15;

h.  Whether by providing consumers with standard form documents that violate the TCCWNA, Defendants are liable to Plaintiff and all others similarly situated for the minimum statutory civil penalty of $100 for each contract, pursuant the TCCWNA at *N.J.S.A.* 56:12-17.

54.  Plaintiff's claims are typical of the claims of the members of the Class which they represent because all such claims arise out of the same policies, practices, and conduct, and the same or similar documents used by the Defendants in their dealings with Plaintiff.

55.  Plaintiff has no interests antagonistic to those of the Class.

56.  The Class, of which Plaintiff is a member, is readily identifiable.

57.  Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation.

58.  Plaintiff's attorneys have significant experience and expertise in litigating consumer class actions.

59.  A class action is superior to other available methods for the fair and efficient adjudication

of this controversy since joinder of all members is impracticable.  While the economic damages suffered by the individual members of the Class are significant, the amount is modest compared to the expense and burden of individual litigation.

60.     The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

61.     Defendants acted, or refused to act, on grounds generally applicable to Plaintiff and all class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

62.     A class action will cause an orderly and expeditious administration of the claims of the Class, and will foster economies of time, effort and expense.

63.     Plaintiff does not anticipate any difficulty in the management of this litigation.

**FIRST COUNT**
**Violation of the CFA as to the Class**
**N.J.S.A 56:8-2**

64.     Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

65.     The New Jersey Consumer Fraud Act states:  "The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." *N.J.S.A.* 56:8-2.

66.     Defendants are "sellers" as defined by the CFA, *N.J.S.A.* 56:8-1 *et seq.*

67.     The Sirius XM "Select service" plan and similar offers are "merchandise" as defined by the

CFA, *N.J.S.A.* 56:8-1 *et seq.*

68.   The communication Plaintiff received from Sirius XM offering the "Select service" plan for a total of $99.00 over three years is an "advertisement" as defined by the CFA, *N.J.S.A.* 56:8-1 *et seq.*

69.   By offering the "Select service" package or similar offers to Plaintiff and those similarly situated for a total of $99.00 over three years, SiriusXM was engaging in the "sale" of merchandise under the CFA, *N.J.S.A.* 56:8-1 *et seq.*

70.   Defendants violated the CFA, at *N.J.S.A.* 56:8-2 by falsely advertising and/or making misrepresentations and deceptive statements in connection with the advertisement and sale of their "Select service" package. Specifically, that Plaintiff and those similarly situated could purchase the package for $99.00 for three years (plus taxes) or similar offers when, in fact, the packages were not available at that price.

71.   Defendants' violation of N.J.S.A. 56:8-2 caused Plaintiff and those similarly situated to suffer an ascertainable loss, including any amounts above the offered price they paid to Sirius XM for the "Select service" package or other package from the date the SiriusXM account was activated and for the term of the original offer.

72.   In accordance with N.J.S.A. 56:8-19, Defendants are liable to Plaintiff and those similarly situated for treble damages and attorneys' fees and costs.

**COUNT TWO**
**Violations of the Consumer Fraud Act *N.J.S.A.* 56:8-1 *et seq.***
**and the General Advertising Regulations, *N.J.A.C.* 13:45A-9.1 *et seq.* as to the Class**

73.   Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

74.   Defendants are "advertisers" as defined by the General Advertising Regulations, *N.J.A.C.* 13:45A-9.1 *et seq.*

75.   The Sirius XM "Select service" plan and similar offers are "merchandise" as defined by the

General Advertising Regulations, *N.J.A.C.* 13:45A-9.1 *et seq.*

76.     The communication Plaintiff and others received from Sirius XM offering the "Select service" plan for a total of $99.00 over three years and other similar offers are "advertisements" as defined by the General Advertising Regulations, *N.J.A.C.* 13:45A-9.1 *et seq.*

77.     Defendants further violated the CFA by providing advertisements that violate the General Advertising Regulations, N.J.A.C. 13:45A-9.2(a)(1), which declares as unlawful:

> The failure of an advertiser to maintain and offer for immediate purchase advertised merchandise in a quantity sufficient to meet reasonably anticipated consumer demand therefor. When an advertisement states a specific period of time during which merchandise will be available for sale, a sufficient quantity of such merchandise shall be made available to meet reasonably anticipated consumer demand during the stated period. When no stated period appears in the advertisement, a sufficient quantity of merchandise shall be made available to meet reasonably anticipated consumer demand during three consecutive business days commencing with the effective date of the advertisement.

78.     Defendants further violated the CFA by providing advertisements that violate the General Advertising Regulations, N.J.A.C. 13:45A-9.2(a)(2), which declares as unlawful: "The failure of an advertiser to specifically designate within an advertisement which merchandise items possess special or limiting factors relating to price, quality, condition or availability."

79.     Defendants further violated the CFA by providing advertisements that violate the General Advertising Regulations, N.J.A.C. 13:45A-9.2(a)(9), which declares as unlawful: "The making of false or misleading representations of facts concerning the reasons for, existence or amounts of price reductions, the nature of an offering or the quantity of advertised merchandise available for sale."

80.     Specifically, Defendants' conduct violates the above regulations by advertising the "Select service" package for $99.00 for three years (plus taxes) or similar offers when, in fact, the package offered was not available.

81.     Defendants' violations of the above caused Plaintiff and those similarly situated to suffer an ascertainable loss, including any amounts above the offered price they paid to Sirius XM for the "Select service" package or other package from the date the Sirius XM account was activated and for the term of the original offer.

82.     In accordance with N.J.S.A. 56:8-19, Defendants are liable to Plaintiff and those similarly situated for treble damages and attorneys' fees and costs.

### THIRD COUNT
### Engaging in Bait and Switch Scheme in Violation of the CFA
### N.J.S.A. 56:8-2.2 as to the Class

83.     Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

84.     N.J.S.A. 56:8-2.2 provides that "[t]he advertisement of merchandise as part of a plan or scheme not to sell the item or service so advertised or not to sell the same at the advertised price is an unlawful practice and a violation of the [CFA]."

85.     The advertisement that Sirius XM sent to Plaintiff and those similarly situated was part of a plan or scheme to not sell the "Select service" package as advertised.

86.     The advertisement that Sirius XM sent to Plaintiff and those similarly situated was part of a plan or scheme to not sell the "Select service" package so advertised at the advertised price.

87.     Sirius XM baited Plaintiff and those similarly situated with a very attractive offer for Sirius XM's "Select service" package.

88.     When Plaintiff and those similarly situated went on Sirius XM's website to purchase the "Select" service or other offer at the price and term advertised, the offer did not appear and the Plaintiff and those similarly situated were directed to call Sirius XM.

89.     When Plaintiff and those similarly situated called Sirius XM to purchase the "Select" service or other offer at the price and terms advertised, the Sirius XM indicated that it would not sell the "Select service" package at the price and term advertised.

90.     Instead of selling the "Select service" or other offer at the price and term advertised, Sirius XM offered and ultimately sold the "Select service" or other package to Plaintiff and those similarly situated for a higher price or shorter term.

91.     Defendants' conduct constitutes an unlawful practice and violation of the CFA pursuant to N.J.S.A. 56:8-2.2.

92.     Defendants' violation of N.J.S.A. 56:8-2-2 caused Plaintiff and those similarly situated ascertainable loss, including any amounts above the offered price they paid to Sirius XM for the "Select service" package or other package from the date the Sirius XM account was activated and for the term of the original offer.

93.     In accordance with N.J.S.A. 56:8-19, Defendants are liable to Plaintiff and those similarly situated for treble damages and attorneys' fees and costs.

## FOUTH COUNT
### Violation of the TCCWNA as to the Class
### N.J.S.A. 56:12-14 *et seq.*

94.     Plaintiff, on behalf of himself and all others similarly situated, re-asserts and incorporates by reference the previous allegations.

95.     The TCCWNA, *N.J.S.A.* 56:12-15, prohibits businesses from offering or giving written contracts or notices to consumers that contain any provision that violates the consumers' rights or business's responsibilities under clearly established New Jersey or federal law, and provides remedies to consumers who are offered or given such contracts or notices, including statutory damages of not less than $100, actual damages or both, plus attorneys' fees and costs. *N.J.S.A.*

*56:12-17.*

96.    Defendants are "sellers" within the meaning of TCCWNA, *N.J.S.A.* 56:12-15 and 17, with respect to Plaintiff and others similarly situated.

97.    Plaintiff is a "consumer" as defined by *N.J.S.A.* 56:12-15.

98.    The advertisement sent to Plaintiff and those similarly situated is a "contract," "notice" and/or "sign" within the meaning of the TCCWNA. *N.J.S.A.* 56:12-15.

99.    The provisions of the advertisement received by Plaintiff and those similarly situated violate the clearly established legal rights of Plaintiff and those similarly situated, and/or violate the clearly established responsibilities of Sirius XM under the CFA at N.J.S.A. 56:8-2.

100.    The provisions of the advertisement received by Plaintiff and those similarly situated violate the clearly established legal rights of Plaintiff and those similarly situated, and/or violate the clearly established responsibilities of Sirius XM under the General Advertising Regulations at N.J.A.C. 13:45A-9.2(a)

101.    The advertisement received by Plaintiff and those similarly situated violates the clearly established legal rights of Plaintiff and those similarly situated and/or violates the clearly established responsibilities of Sirius XM, as its provisions are part of a plan or scheme devised by Sirius XM to not sell the "Select service" package as advertised and/or to not sell the "Select service" package at the advertised price, in violation of N.J.S.A. 56:8-2.2.

102.    Sirius XM violated N.J.S.A. 56:12-15 by providing a notice to Plaintiff and those similarly situated advertising the "Select service" package or other offers for a price and duration that Sirius XM did not plan to honor, but rather intended to use to bait consumers to purchase the "Select" service package or other offer at a higher price and or shorter term, in violation of the clearly established rights of Plaintiff and those similarly situated and responsibilities of Sirius XM under N.J.S.A. 56:8-

2 and N.J.S.A. 56:8-2.2.

103.   Sirius XM violated N.J.S.A. 56:12-15 by offering to Plaintiff and those similarly situated a written consumer contract for the "Select" service package or other offers, which Sirius XM planned to, and did, sell at a price that was more expensive than advertised, in violation of N.J.S.A. 56:8-2 and N.J.S.A. 56:8-2.2.

104.   As a result of Sirius XM's violation of N.J.S.A. 56:12-15, Plaintiff and those similarly situated suffered actual harm, including but not limited to monetary loss, and other adverse consequences.

105.   Therefore, Plaintiff and those similarly situated are aggrieved consumers. N.J.S.A. 56:12-17.

106.   Pursuant to N.J.S.A. 56:12-17, Defendants are liable to Plaintiff and those similarly situated for actual damages suffered, a statutory penalty of at least $100.00 per class member and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, demands relief and judgment against the Defendants as follows:

    a.    An order certifying this matter as a class action under <u>Rule</u> 4:32-1(b)(3), appointing Plaintiff as the class representative and his attorneys as class counsel;

    b.    Alternatively, an order certifying this matter as a class action under Rule 4:32-1(b)(2) as to the Class, appointing Plaintiff as the class representative and his attorneys as class counsel;

    c.    Declaring that Defendants' advertisement violates the General Advertising Regulations, the CFA, and the TCCWNA;

    d.    Enjoining Defendants from future violations of the General Advertising Regulations, the CFA, the TCCWNA and misrepresentations in their advertisements;

    e.    Requiring Defendants to provide an accounting of all Class members who received the "Select service" or similar package advertisement, whether each contacted Defendants and the results of that contact;

    f.    Providing equitable relief requiring Defendants to provide Notice to all members of the Class that if they were damaged by Defendants' advertisement that they should seek the advice of counsel as they may have a viable action against Defendants.

    g.    Awarding treble damages pursuant to the CFA. *N.J.S.A.* 56:8-19;

h. Awarding actual damages and statutory civil penalties in the amount of $100 payable to Plaintiff and members of the class as defined pursuant to the TCCWNA. *N.J.S.A.* 56:12-17;

i. Awarding reasonable attorneys' fees and costs of suit in connection with this action, pursuant to the CFA, *N.J.S.A.* 56:8-19, and the TCCWNA. *N.J.S.A.* 56:12-17;

j. Awarding pre-judgment and post-judgment interest; and

k. Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>Rule</u> 4:25-4, Bharati O. Sharma, Esq. is hereby designated as trial counsel for the Plaintiff in the above matter.

## CERTIFICATION

Pursuant to <u>Rule</u> 4:5-1. I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.   I further certify that I know of no party who should be joined in the action at this time.

The Wolf Law Firm, LLC

Dated: June 19, 2019

*s/Bharati O. Sharma*
Bharati O. Sharma
*Attorneys for Plaintiff*

# EXHIBIT A

Appended to:

**CLASS ACTION COMPLAINT AND
JURY DEMAND**



**SiriusXM**))
SATELLITE RADIO

PO Box 757
Chanhassen MN 55317

To claim this first-ever offer,
**go to siriusxm.com/bestoffer101
or call 1.888.244.0396**
by December 31, 2017

000207

Jeffrey Parrella
Redacted
Kinnelon NJ  07405-2123

||||||||||||||||||||||||||||||||||||||||||||||||||||||||

EXCLUSIVELY FOR
JEFFREY PARRELLA
## OUR BIGGEST, BEST
## OFFER EVER:

# 82% OFF!

---

> **Offer Valid Only For:**
> Your Radio ID/ESN: 027504078021
> Your Account #: 104526511453
> Your Vehicle: 2009 Jeep Grand Cherokee

(Offer valid only on the Radio/ID listed above.)

**Get Select service for $99 and
lock in the low price of
$2.75/month until 2020!**

Dear Jeffrey,

How much do we want you back? Enough to create a
brand-new offer, just for you, for the first time ever:

**Reactivate your SiriusXM service at 82% OFF**
**and lock in that savings for THREE YEARS!**
**Plus, cancel any time and there's
no automatic renewal.**
*See Offer Details below.*

| | | |
|---|---|---|
| Reactivation | ~~$15.00~~ | FREE |
| Month 1: | ~~$15.99~~ | $2.75 |
| Month 2: | ~~$15.99~~ | $2.75 |
| Month 3 | ~~$15.99~~ | $2.75 |

Yes, you read that correctly: for $99 (that works
out to $2.75 per month), you get uninterrupted SiriusXM
Select service, our most popular package, for three
full years. That locks your low price into the year 2020 –
with a savings of **nearly $500!**

Imagine: **three years** of commercial-free music from
virtually every genre; **three years** of live sports coverage;
**three years** of comedy and talk; and **three years** of
exclusive, subscribers-only programming.

And not only can you cancel any time, we'll also waive
the reactivation fee (normally $15.00).

So call or go online now, and *rock your ride!*

Sincerely,

*[signature]*

James Meyer
Chief Executive Officer, SiriusXM Radio

Go to **siriusxm.com/bestoffer101**



YEARS
OF
SAVINGS!

| | | |
|---|---|---|
| Month 35 | ~~$15.99~~ | $2.75 |
| Month 36: | ~~$15.99~~ | $2.75 |
| **TOTAL:** | ~~$590.64~~ | **$99.00** |

*Wow! You save
nearly $500!*



Dear Jeffrey,

How much do we want you back? Enough to create a brand-new offer, just for you, for the first time ever:

**Reactivate your SiriusXM service at 82% OFF and lock in that savings for THREE YEARS. Plus, cancel any time and there's no automatic renewal.**
*See Offer Details below*

Yes, you read that correctly: for $99 (that works out to $2.75 per month), you get uninterrupted SiriusXM Select service, our most popular package, for three full years. That locks your low price into the year 2020 – a savings of nearly $500!

Imagine: **three years** of commercial-free music from virtually every genre; **three years** of live sports coverage; **three years** of comedy and talk; and **three years** of exclusive, subscribers-only programming.

And not only can you cancel any time, we'll also waive the reactivation fee (normally $15.00).

So call or go online now, and *rock your ride!*

Sincerely,

James Moyer
Chief Executive Officer, SiriusXM Radio

## Go to **siriusxm.com/bestoffer101** or Call **1.888.244.0396**

# $2.75/month until 2020!



| | | |
|---|---|---|
| Reactivation: | ~~$15.00~~ | FREE |
| Month 1 | ~~$15.99~~ | $2.75 |
| Month 2: | ~~$15.99~~ | $2.75 |
| Month 3 | ~~$15.99~~ | $2.75 |

| | | |
|---|---|---|
| Month 34 | ~~$15.99~~ | $2.75 |
| Month 35: | ~~$15.99~~ | $2.75 |
| Month 36: | ~~$15.99~~ | $2.75 |
| TOTAL | ~~$590.64~~ | $99.00 |



*Wow! You save nearly $500!*



**Offer Details:** Activate a 3 year Select subscription and pay $99, a savings of 82% off the current monthly rate of $15.99. Fees and taxes apply. *A credit or debit card is required for this offer.* **Service will not automatically renew.** To cancel you must call us at 1 866-635-2349. See our Customer Agreement for complete terms. All fees and programming subject to change. This offer cannot be combined with any other. Offer good only on the inactive radio identified above.

3277I001-A01-00106124       GAWB_SEGMENT_I_T       GAWB-Q417-SWP-SXM-BASE_LTR_80_399

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-001207-19**

Case Caption: PARRELLA JEFFREY VS SIRIUS XM
RADIO INC.

Case Initiation Date: 06/19/2019

Attorney Name: BHARATI OLGA SHARMA

Firm Name: THE WOLF LAW FIRM LLC

Address: 1520 US HWY 130 SUITE 101

NORTH BRUNSWICK NJ 08902

Phone:

Name of Party: PLAINTIFF : Parrella, Jeffrey

Name of Defendant's Primary Insurance Company
(if known): None

Case Type: COMPLEX COMMERCIAL

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Hurricane Sandy related? NO

Is this a professional malpractice case? NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:
This is a putative class action requiring the TK 4 management for the complexities of class certification, notice
and class wide discovery and litigation.

Do you or your client need any disability accommodations? NO
　　　　If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
　　　　If yes, for what language:

Please check off each applicable category: Putative Class Action? YES　　　　Title 59? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/19/2019
Dated

/s/ BHARATI OLGA SHARMA
Signed

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON          NJ 08650-0068
                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   JUNE 19, 2019
                        RE:     PARRELLA JEFFREY  VS SIRIUS XM RADIO INC.
                        DOCKET: MER L -001207 19


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.


     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE MANAGING JUDGE ASSIGNED IS:  HON PAUL INNES


     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      011
AT:  (609) 571-4200 EXT 4475.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                        ATTENTION:

                               ATT: BHARATI O. SHARMA
                               THE WOLF LAW FIRM LLC
                               1520 US HWY 130
                               SUITE 101
                               NORTH BRUNSWICK  NJ 08902


ECOURTS